UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DAVID RANKIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KORY L. HONEA,<br><br>　　　　Respondent. | No.  2:16-cv-0556 MCE AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner proceeds pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction for possession of controlled substances.  See ECF No. 1 (petition).  Respondent has answered the petition, ECF No. 13, and petitioner did not file a traverse.  For the reasons that follow, the undersigned recommends that the petition be denied in its entirety pursuant to Stone v. Powell, 428 U.S. 465 (1976).

I.	BACKGROUND

Petitioner was charged in Butte County Superior Court with possession of a controlled substance for sale in violation of Cal. Health & Safety Code § 11378.  He moved to suppress the evidence against him, and the suppression motion was heard at the same time as the preliminary hearing.  CT 114-117; RT 32-68.[1]  The facts adduced at the suppression hearing are summarized

---

[1] "CT" refers to the Clerks Transcript on Appeal; "RT" refers to the Reporter's Transcript on Appeal.

1  in the opinion of the California Court of Appeal, Lodged Doc. 4, and need not be reproduced
2  here.
3        The motion to suppress was denied. RT 68-69. Petitioner renewed the motion during jury
4  selection, and presented additional evidence. CT 238; Clerk's Augmented Transcript at 1-4. The
5  renewed motion was denied. CT 254-256. Petitioner proceeded to trial, and the jury returned a
6  guilty verdict on February 14, 2014. CT 308. Petitioner was sentenced to a six years and eight
7  months imprisonment. CT 326.
8        Petitioner appealed the denial of his suppression motion, and his conviction was affirmed
9  on September 29, 2015. Lodged Doc. 4. The Court of Appeal found that petitioner had been
10 initially detained without reasonable suspicion, but that petitioner's probationary status
11 "attenuated the taint" of the unlawful detention and justified denial of the motion to suppress. Id.
12 Petitioner sought review in the California Supreme Court, which was denied without comment or
13 citation on January 13, 2016. Lodged Docs. 5, 6. There were no applications for state collateral
14 relief.
15       The federal habeas petition was timely filed. ECF No. 1.
16   II.    Petitioner's Claims
17       Petitioner states three putative claims for relief: (1) petitioner was unlawfully detained, (2)
18 the ensuing search was the product of the unlawful detention, and (3) the taint of the illegal
19 detention was not attenuated by petitioner's probation status. ECF No. 1 at 5-9. He has attached
20 a copy of his petition for review in the California Supreme Court. Id. at 28-56. The appellate
21 materials confirm that the claims petitioner forwards here are the same Fourth Amendment claims
22 that he presented to the state courts.
23   III.   Petitioner's Claims Are Not Cognizable in Federal Habeas
24       Where a state has provided an opportunity for full and fair litigation of a Fourth
25 Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground
26 that the evidence obtained in an unconstitutional search or seizure was introduced at trial. Stone
27 v. Powell, 428 U.S. 465, 482, 493 (1976). Stone effectively renders Fourth Amendment claims
28 unreviewable in federal habeas, except in cases where the state failed to provide a forum for

1    litigation of the issue.  Because petitioner actually litigated his Fourth Amendment claims in the
2    superior court and in the California Court of Appeal, and presented them to the California
3    Supreme Court, it cannot be disputed that he had a full and fair opportunity in state court to seek a
4    remedy for any and all Fourth Amendment violations.  See Stone, 428 U.S. at 494, n. 37.

5    "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not
6    whether he did in fact do so or even whether the claim was correctly decided."  Ortiz-Sandoval v.
7    Gomez, 81 F.3d 891, 899 (9th Cir. 1996).  Because petitioner had a full and fair opportunity to
8    litigate the validity of his detention and the subsequent search in state court, there is no basis for
9    federal habeas relief.  See Myers v. Rhay, 577 F2d 504, 508 (9th Cir. 1978) (even assuming that
10   an arrest is invalid due to an unconstitutionally issued arrest warrant, Stone bars relief);
11   Terrovona v. Kincheloe, 912 F. 2d. 1176, 1178 (9th Cir. 1990) (Stone bars federal review of a
12   state prisoner's warrantless arrest claim); Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990)
13   (California's statutory framework for litigating suppression issues satisfies the "full and fair
14   opportunity" requirement under Stone v. Powell).

15   Because relief is categorically unavailable, there is no need for review of the state courts'
16   resolution of the constitutional issue under 28 U.S.C. § 2254(d).  Indeed, this court's review is
17   prohibited by the Supreme Court's pronouncement in Stone that state courts are the final arbiters
18   of claims that evidence, and resulting convictions, have been obtained in violation of the Fourth
19   Amendment.  See Newman v. Wengler, 790 F.3d 876 (9th Cir. 2015) (Stone v. Powell doctrine
20   survives AEDPA, and precludes federal habeas review of state court resolution of Fourth
21   Amendment issues).

22                                                        CONCLUSION

23   For the reasons explained above, IT IS HEREBY RECOMMENDED that the petition for
24   writ of habeas corpus be denied.

25   These findings and recommendations are submitted to the United States District Judge
26   assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days
27   after being served with these findings and recommendations, any party may file written
28   objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,
2  he shall also address whether a certificate of appealability should issue and, if so, why and as to
3  which issues.  <u>See</u> 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed
4  within fourteen days after service of the objections.  The parties are advised that failure to file
5  objections within the specified time may waive the right to appeal the District Court's order.
6  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7  DATED: June 23, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4